(No. 74-CV-15—

IN RE APPLICATION OF WAYNE BASS.

*Opinion filed January 19, 1976.*

BURTON WEINSTEIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; PAUL WEST, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense which occurred on November 23, 1973, at the Five Brothers Liquor Store, 4659 South State Street, Chicago. The Claimant seeks compensation under the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 70, 71, et seq.) (hereinafter referred to as the "Act").

The Court of Claims entered an order on July 15,

1975, dismissing this claim. Pursuant to Section 9 of the Act, the Claimant moved for a hearing and the request was granted.

Evidence was taken at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The sole issue presented to the Court is whether the Claimant established any compensable loss of earnings.

It was stipulated by the parties that the Claimant, while a patron of the Five Brothers Liquor Store, 4659 S. State Street, Chicago, on midnight, November 24, 1973, was shot in the right thigh. He was treated for his wounds at Provident Hospital, Chicago, from November 24, 1973, through December 2, 1973. The bullet was imbedded in his leg and the doctors were unable to remove it.

All hospital and doctor bills were paid by the Illinois Department of Public Aid.

The Claimant testified that at the time of the crime he was 21 years of age and was unemployed. Prior to the shooting, he had been employed since June of 1972 as a custodian for the Chicago Housing Authority. He resigned this position in August, 1973, when it became apparent that the Federal funding which paid his salary was about to be terminated. He earned $545.00 per month from that job. Thereafter he commenced receiving public aid at the rate of $261.00 per month.

During his period of unemployment he registered with the Illinois State Employment Services and was sent by this agency to be interviewed for a job as a janitor for the McDonnell & Miller Division of ITT. The interview took place on the same day as the shooting. The Claimant was hired at a salary of $4.50 per hour for a 40 hour week but was unable to commence the employment due to his injuries.

The Claimant was released from the hospital on December 2, 1973, and required the use of a wheel chair for two months thereafter. During the month of February 1974 he was obliged to use crutches. He became physically able to work on March 1, 1974, at which time he was informed that the janitor's position at McDonnell & Miller had been filled by another person. He continued to seek employment and became employed on April 1, 1974.

During the time of Claimant's physical infirmities he continued to receive the same sum from the Illinois Department of Public Aid—$261.00 per month.

Section 4 of the Act provides:

Pecuniary loss to an applicant under this Act resulting from injury or death to a victim includes, in the case of injury, appropriate medical expenses or hospital expenses, loss of earnings, loss of future earnings because of a disability resulting from the injury, and other expenses. . . . Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less . . .

Applying this section to the facts of this case, it appears to this Court that the Claimant did suffer a compensable loss of earnings. Although he had not actually commenced his employment at the time of his injury, he had been hired. Were it not for the crime inflicted upon him, he would have earned far in excess of the $500.00 maximum provided by the Act. Even using his previous job as a basis, his lost earnings would be in excess of the $500.00 maximum allowed by the Act.

Accordingly, it is the finding of this Court that the Claimant suffered lost earnings from November 24, 1973, to March 1, 1974, a period of three and one-quarter months. Based on the $500.00 maximum provided by the Act, his gross compensable lost earnings were $1,625.00.

During his period of incapacity he received $848.00 from the Illinois Department of Public Aid.

In determining the amount of compensation to which an applicant is entitled, Section 7d of the Act states that this Court:

Shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the Workmen's Compensation Act or from local governmental, state or federal funds or from any other source, (except annuities, pension plans, federal social security benefits and the net proceeds of the first $25,000.00 of life insurance that would inure to the benefit of the applicant . . . ).

In the claim before us, the benefits received from the Department of Public Aid of $848.00 plus the statutory deduction of $200.00 must be deducted from the gross amount of loss, leaving a loss compensable under the Act of $577.00.

The Court further finds that the Claimant cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant; that there is no evidence of any wrongful act or substantial provocation by the Claimant for the crime and the victim and his assailant were not related nor sharing the same household.

The Court further finds that the Claimant was a victim of a violent crime as defined in Section 2(c) of the Act, to wit, "Aggravated Battery", (Ill.Rev.Stat., 1973, Ch. 38, Sec. 12-4).

The Court further finds, pursuant to Section 12 of the Act, that the Claimant was ably represented by Burton Weinstein, an attorney at law, and that, based upon the work done by said attorney and the results accomplished, a reasonable fee for his services is $100.00.

It Is THEREFORE ORDERED that the order of this Court of July 15, 1975, denying compensation to the Claimant is hereby vacated and set aside.

It Is FURTHER ORDERED that the total sum of $577.00 be awarded Wayne Bass, an innocent victim of a violent crime.

It Is Further Ordered that attorney, Burton Weinstein, may charge as fees for his services in connection with the hearing of this cause the sum of $100.00.